IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| ROBERT A. SEARS, ) | |
| ) | CASE NO. BK10-40275 |
| Debtor(s). ) | A14-4062 |
| ROBERT A. SEARS; ROBERT A. SEARS, ) | |
| TRUSTEE; and KORLEY B. SEARS, ) | |
| ) | |
| Plaintiffs, ) | CHAPTER 11 |
| ) | |
| vs. ) | |
| ) | |
| RHETT R. SEARS; RHETT R. SEARS ) | |
| REVOCABLE TRUST; RONALD H. ) | |
| SEARS; RONALD H. SEARS TRUST; ) | |
| and DANE R. SEARS, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the defendants' notice of removal (Fil. No. 1). Brian J. Koenig, Kristin M.V. Krueger, and Donald L. Swanson represent the defendants. Jerrold L. Strasheim represents the plaintiffs.

This is a lawsuit brought by current shareholders of AFY, Inc., against former shareholders of the corporation concerning the terms of the sale of the former shareholders' stock to the current shareholders. The buyers and sellers are all members of the same extended family. The individual plaintiffs filed bankruptcy petitions in early 2010 and the matters at bar have been in litigation in one form or another ever since. This court has ruled that AFY and Korley Sears owe the defendants in this case more than $5 million; one of those orders is final (the claim against AFY), and one is currently on appeal in the United States District Court (the claim against Korley Sears). Notwithstanding those rulings, the plaintiffs filed this lawsuit in Madison County District Court on October 20, 2014, alleging breach of contract as to the stock sale agreement, breach of fiduciary duty, unjust enrichment, conspiracy and tortious interference with business expectancies, and abuse of process.

The defendants removed the case to this court pursuant to 28 U.S.C. § 1452(a), which provides that a party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending when the federal court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. Section 1334(a) gives the federal district courts "original and exclusive jurisdiction over cases under title 11," which are bankruptcy cases themselves. Section 1334(b) gives federal courts non-exclusive jurisdiction over "all civil

proceedings arising under title 11, or arising in or related to cases under title 11." Those civil proceedings are further divided into two categories: core proceedings and non-core, related proceedings. Core proceedings are those cases arising under title 11, or arising in a case under title 11, while non-core, related-to proceedings are those which could conceivably have an effect on the estate being administered in bankruptcy.

Certainly, the validity of the proofs of claim of the defendants against the bankruptcy estates of AFY, Inc., and Korley Sears are core proceedings within the jurisdiction of the Bankruptcy Court to enter final judgment. 28 U.S.C. § 157(b)(2)(B). However, those issues have already been decided by this court and the plaintiffs' causes of action are matters of common law; they are not sufficiently inherent to the bankruptcy case that they could be considered core proceedings. In that regard, § 1334(c)(1) permits a court to abstain from hearing a particular proceeding in favor of the state courts: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In deciding whether permissive abstention under § 1334(c)(1) is appropriate under the broad statutory guidelines of the interests of justice or comity, and keeping in mind "the premise that federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule,"[1] courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

---

[1] *Williams v. Citifinancial Mortg. Co. (In re Williams)*, 256 B.R. 885, 894 (B.A.P. 8th Cir. 2001).

  (9) the burden on the bankruptcy court's docket;

  (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

  (11) the existence of a right to a jury trial; and

  (12) the presence in the proceeding of non-debtor parties.

*Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams*, 256 B.R. at 893-94 and *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.")).

  Section 1452(b) also permits equitable remand of a removed action: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The analysis used to determine whether equitable remand under § 1452(b) is appropriate is virtually identical to the permissive abstention analysis, with the consideration of four additional factors:

  (1) whether remand serves principles of judicial economy;

  (2) whether there is prejudice to unremoved parties;

  (3) whether the remand lessens the possibilities of inconsistent results; and

  (4) whether the court where the action originated has greater expertise.

*Farmers Bank & Trust Co. v. Chickasaw Prop., LLC (In re Burrow)*, 505 B.R. 838, 849-50 (Bankr. E.D. Ark. 2013).

  The majority of these factors favor abstention and remand. As noted above, the allegations in the pending complaint pertain solely to state law causes of action. The case does not involve any bankruptcy law issues and no issues exclusive to bankruptcy. The plaintiffs have requested a jury trial and do not consent to entry of final judgment by the bankruptcy court. The state court is in the best position to determine the various issues raised in the complaint. To the extent the defendants feel that certain of the plaintiffs' claims are precluded due to prior rulings by this court in the bankruptcy cases, they are able to raise those preclusion arguments in state court. Those preclusion arguments are not bankruptcy issues or unique to bankruptcy courts. For these reasons, this court will abstain from hearing the lawsuit and will remand the case to state court.

IT IS ORDERED: This lawsuit should be remanded to the District Court of Madison County, Nebraska. Relief from the automatic stay is hereby granted to the parties to pursue the state court litigation. The parties are directed to file a copy of this order with the Madison County District Court.

DATED: December 11, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  *Brian J. Koenig
  *Kristin Krueger
  *Donald L. Swanson
  Jerrold L. Strasheim
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.